

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**March 12, 2025 13:41**

By: RICARDO J. CARDENAS 0067265

Confirmation Nbr. 3430917

ANTHONY HRIBAR                                    CV 25 113582

  vs.
                                                **Judge:** JOY KENNEDY
CITY OF GARFIELD HEIGHTS, ET AL.

**Pages Filed:** 12



IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| ANTHONY HRIBAR<br>4950 E. 108TH STREET<br>GARFIELD HEIGHTS, OHIO 440125<br><br>PLAINTIFF,<br><br>-vs-<br><br>CITY OF GARFIELD HEIGHTS<br>5407 Turney Road<br>Garfield Heights, Ohio 44125<br><br>SOUTHEAST AREA LAW ENFORCEMENT<br>(S.E.A.L.E.)<br>c/o Law Director, City of Garfield Heights<br>5407 Turney Road<br>Garfield Heights, Ohio 44125<br><br>PATROLMAN ERIC GARCIA<br>Garfield Heights Police Department<br>5555 Turney Rd.<br>Garfield Heights, OH 44125<br><br>and<br><br>JOHN DOE(S)<br>UNKNOWN ADDRESS<br><br>DEFENDANTS. | CASE NO.<br><br>JUDGE<br><br><br><br><br><br><br>**COMPLAINT**<br><br><br>*Demand For Jury Trial Endorsed Hereon* |

**PARTIES AND NATURE OF CLAIM**

1. This is a civil rights case arising from an incident that occurred in Garfield Heights, Ohio on March 13, 2023.

2. Plaintiff, Anthony Hribar ("Plaintiff or "Anthony") was, at all times relevant herein, and continues to be a resident of Cuyahoga County, Ohio.

3. Defendant City of Garfield Heights ("Garfield Heights") is a municipality, incorporated under the laws of Ohio, and employs law enforcement officers to, inter alia, enforce its local ordinances and laws of the State of Ohio.

4. Defendant Garfield Heights is a "person" under 42 U.S.C. § 1983.

5. Defendant Garfield Heights is responsible for the administration. operation. training. and supervision of law enforcement officers and for the promulgation. enforcement and review of rules, regulations, policies, customs, and practices relevant thereto.

6. Defendant South East Area Law Enforcement, (SEALE), is a task force consisting of a collaboration of Police Departments which Garfield Heights, Bedford, Bedford Heights, Maple Heights, Solon, Oakwood and Walton Hills. Part of the SEALE's organization activities includes acting as a SWAT unit.

7. Defendant Eric Garcia (Garcia) was and is believed to still be, a duly authorized police officer hired by, trained by, and retained by Defendant Garfield Heights and part of the SEALE SWAT unit.

8. John Doe(s) Defendant(s) is/are believed to still be, duly authorized police officers hired by, trained by, and retained by Defendant Garfield Heights and part of the SEALE SWAT unit and assisted on the actual physical arrest of Anthony on March 13, 2023.

9. Officers Ronald Dodge, Vinson Walker, and Darryn Zupancic were and believed to still be, duly authorized police officers hired by, trained by, and retained by Defendant Garfield Heights and part of the SEALE SWAT unit and were present at the arrest of Anthony on March 13, 2023.

10. On or about March 13, 2023, Anthony was in his residence at 5105 E. 114th Street, Upper, Garfield Heights, Ohio.

11. Anthony was a 49 year old male at the time of the incident and had an active warrant under Case No. CR-21-663314-A, *The State of Ohio v. Anthony Hribar*.

12. After the incident and arrest forming the basis of this action, Anthony was found not guilty of the underlying felony charge on July 24, 2023, in Case No. CR-21-

2

663314-A, *The State of Ohio v. Anthony Hribar*, following a bench trial.

13. After Anothy's ex-girlfriend improperly alleged that he was illegally at the residence, Defendant Garfield Heights police department initially responded to the residence, and gained access to the first floor and basement of the double house but left the residence at approximately 12:30 pm, March 13, 2023 after there was no sign of Anthony. Defendant Garfield Heights police officers at this time had their **body cameras on and activated** throughout the first visit to the residence.

14. However, when Defendants came back to the residence at approximately 5:00 pm March 13, 2023, Defendant Garcia and Officers Dodge, Walker, and Zupancic **did not have any body cameras** at the time of the arrest, and the other supporting Garfield Heights police officers apparently also did not have their body cameras on and activated throughout the second response to the residence when the arrest actually occurred.

15. The second response and entry to the upper portion of the residence was based on an unverified allegations from Anthony's ex-girlfriend and her friend, an alleged illegal drug customer, who falsely claimed Anthony had a firearm was on the upper porch yelling and making threats. Neither individual was present at the residence that day, and police failed to properly vet their allegations as to how they would have such information.

16. The City of Garfield Heights failed to properly investigate the credibility of Anthony's ex-girlfriend and her friend, who had no basis for their claim that Anthony had a firearm. The police did not question how the pair allegedly knew Anthony had a gun when they were not present at the residence that day. The friend was a Maple Heights resident who just happened to be stopping by the residence to provide police his alleged observations.

17. The ex-girlfriend made several false statements to the police during the event, yet officers relied on her allegations without proper scrutiny. The ex-girlfriend was yelling at the police dispatcher, out of control, changed her reasons for a police response, caught in several lies and appeared to have wanted Anthony shot.

18. Upon the second response to the residence, Defendant Garcia, John Doe(s) Defendants and Officers Dodge, Walker, Garcia, and Zupancic entered Anthony's

3

residence without a warrant but with alleged consent from the ex-girlfriend.

19. At the time Defendant Garcia and John Doe(s) Defendants entered the upstairs, Anthony was seated on a futon, cross-legged, with his hands in the air, making no attempt to verbally or physically resist. Plaintiff did not want to get shot and placed his hands in the air for line of sight for the officers and body in a submissive position.

20. Despite the lack of resistance, Officer Garcia and/or with assistance from John Doe(s) Defendant(s) improperly and unnecessarily executed a balance displacement maneuver, lifting Anthony into the air and causing his head and eye area to crash into a computer table.

21. Anthony was transported to Marymount Hospital for medical treatment immediately following the arrest, where doctors and medical staff were shocked and dismayed at the extent of his injuries. The medical team repeatedly demanded to know who had inflicted such trauma, expressing that the force necessary to cause such a fracture from blunt trauma was enormous and highly unusual.

22. As a result of the improper maneuver, Anthony suffered a fractured eye orbit, vision and movement complications, and emotional distress.

23. At no point during the incident did officers locate a firearm or any weapon in Anthony's possession or within the residence.

24. Despite the unlawful use of force, Defendants charged Anthony with resisting arrest after causing serious injuries.

25. Defendants' actions, including the use of excessive force, lack of proper training, and failure to properly investigate the claims made by the ex-girlfriend, directly resulted in Anthony's physical and emotional injuries.

26. At no point during the incident did Anthony possess or produce any weapon. verbally or physically threaten anyone. or otherwise pose any threat. real or perceived. to anyone nor did he act in any manner justifying the uses of force at issue.

27. Defendants' uses of force violated Anthony's clearly established constitutional rights.

28. All law enforcement officers would know that Defendants' uses of forces under the totality of the circumstances were objectively unreasonable. excessive. unjustified, outrageous and in violation of Anthony's clearly established constitutional

4

rights.

29. The officers falsely arrested Anthony. knowingly and wrongly accusing him of resisting arrest during the incident.

30. As a result of the false accusations. Anthony was charged with resisting arrest.

31. Upon final resolution of the criminal charges in favor of Anthony. he reserves the right amend this Complaint to add state and federal claims for malicious prosecution. and to seek all compensable and punitive damages therefore.

32. Anthony asserts claims against Defendant Garcia John Doe(s) Defendant(s) under 42 L.S.C. § 1983 for violating his clearly established rights to be free from excessive force under the Fourth and Fourteenth Amendments to the United States Constitution.

33. Anthony also asserts Section 1983 claims against Defendant City of Garfield Heights and/or Defendant SEALE for its failure to train and supervise its law enforcement officers. including Defendant Garcia and for promulgating unconstitutional customs. policies. and practices. which proximately caused the violations of Anthony's civil rights as alleged herein for generally encouraging and endorsing unconstitutional excessive force of the type Anthony suffered, and for ratifying the unconstitutional conduct of their officers. including Defendant Garcia.

34. Anthony also asserts Ohio state law claims for assault and battery, intentional infliction of emotional distress. and false arrest.

## JURISDICTION

35. Plaintiff realleges lines 1-34 as if fully rewritten herein.

36. The incident in question occurred on or around March 13, 2023.

37. Venue is proper in this Court because Anthonys are domiciled in, and the operative incident occurred in, Cuyahoga County, Ohio.

38. This case is brought pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution.

39. This Court has jurisdiction and federal supplemental jurisdiction over the state law and common law claims pursuant to 28 U.S.C. § 1367. Defendant Garfield

Heights is a "person" for purposes of civil rights litigation. Defendant Garcia and John Doe(s) Defendant(s) failed to act in good-faith and their actions were not objectively reasonable, therefore they cannot enjoy the cloak of qualified immunity.

### COUNT I - VIOLATION OF CIVIL RIGHTS, 42 U.S.C. § 1983
### Excessive Force And Failure To Intervene

40. Plaintiff realleges lines 1-39 as if fully rewritten herein.

41. During the incident in question, Defendant Garcia and John Doe(s) Defendant(s), acting under color of law, used unnecessary, unreasonable, outrageous, and excessive force on Plaintiff, and stood by and watched with the ability to intervene as other officers used unnecessary, unreasonable, outrageous, and excessive force on Plaintiff in violation of Plaintiffs clearly established rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

42. Defendant Garcia and John Doe(s) Defendant(s) use of unnecessary, unreasonable, outrageous, and excessive force at the aforementioned time and place constitute wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

43. Faced with the circumstances present at the aforementioned time and place, reasonable law enforcement officers would have known that the uses of force at issue, violated Plaintiff's clearly established Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures and unreasonable uses of force.

44. Defendant Garcia and John Doe(s) Defendant(s) callously and recklessly disregarded Plaintiff's clearly established Fourth and Fourteenth Amendment rights.

45. As a direct and proximate result of the excessive and outrageous force in violation of Plaintiffs clearly established Fourth and Fourteenth Amendment rights. Plaintiff endured and suffered and continues to suffer extreme conscious physical. mental and emotional pain and suffering, pecuniary loss, and medical bills, including future medical bills.

46. At all times relevant Defendant Garcia and John Doe(s) Defendant(s) were acting under color of law and within the scope of their employment and official duties as law enforcement officer employed by the City of Garfield Heights. Accordingly, pursuant to Ohio Revised Code § 2744.07. Defendant City of Garfield Heights must

6

indemnify Defendant Garcia and John Doe(s) Defendant(s) for their conduct alleged herein in this Claim for Relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Garcia and John Doe(s) Defendant(s) for:

  a. Compensatory damages, including medical bills, in an amount that will fully and fairly compensate Plaintiff for his injuries. damages and losses suffered:

  b. Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions of Defendant Garcia and John Doe(s) Defendant(s) alleged herein:

  c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and interest, both pre-judgment and post-judgment: and

  d. All such other relief to which Plaintiff is entitled and/or this Court deems equitable.

## COUNT II - VIOLATION OF CIVIL RIGHTS, 42 U.S.C. § 1983
### False Arrest And Charges

47. Plaintiff realleges lines 1-46 as if fully rewritten herein.

48. After Defendant Garcia and others slammed Plaintiff's face into a corner computer table despite Plaintiff offering no verbal or physical opposition, they arrested Plaintiff and charged him with resisting arrest.

49. They knew Plaintiff had not committed any crime and had not resisted anyone yet they arrested and charged Plaintiff and perpetuated the falsehood that Plaintiff had resisted arrest.

50. As a consequence of the false accusations, Plaintiff was criminally charged with resisting arrest.

51. As a result of these false charges, Plaintiff has incurred, and will continue to incur, fees and costs associated with his legal defense in the criminal case these Defendants caused to be initiated and allowed to persist.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Garcia and John Doe(s) Defendant(s) for:

7

  a. Compensatory damages, including medical bills, in an amount that will fully and fairly compensate Plaintiff for his injuries. damages and losses suffered:

  b. Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions of Defendant Garcia and John Doe(s) Defendant(s) alleged herein:

  c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and interest, both pre-judgment and post-judgment: and

  d. All such other relief to which Plaintiff is entitled and/or this Court deems equitable.

## COUNT III - VIOLATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

### Failure To Train And Supervise And For Unconstitutional Customs, Policies, And Practices Causing Constitutional Violations

52. Plaintiff realleges lines 1-51 as if fully rewritten herein.

53. Garfield Heights and SEALE police officers have a known history of violating citizens constitutional rights. including by using unreasonable and excessive force. about which the City of Garfield Heights was aware, to which, however, it was and is deliberately indifferent.

54. Defendant City of Garfield Heights and Defendant SEALE were aware but deliberately indifferent to the fact that, prior to the subject incident, Garfield Heights and/or SEALE police officers had used gratuitous and punitive force against civilians in obvious violation of the U.S. Constitution.

55. Defendant City of Garfield Heights and Defendant SEALE have a pattern and practice of failing to adequately and properly train and supervise and investigate its police officers on the usually and known recurring circumstances likely to be faced by the officers, including. but not limited to, uses of force.

56. Defendant City of Garfield Heights and SEALE promulgated and implemented customs and policies. written and unwritten, for hiring. training, retention, and supervision and investigation of Garfield Heights and/or SEALE police officers on uses of force that. on their face, violate the Fourth and Fourteenth Amendments.

8

57. As a direct and proximate result of the customs and policies described herein, which violate the Fourth and Fourteenth Amendments and are otherwise implemented in a manner such that constitutional violations arc substantially certain and likely to occur, Plaintiff's Fourth and Fourteenth Amendment rights were violated and he was forced to suffer and endure extreme physical mental and emotional pain and suffering, pecuniary loss. medical bills, and legal fees and costs.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Garfield Heights and/or SEALE for:

a. Compensatory damages, including medical bills and legal fees and costs, in an amount that will fully and fairly compensate Plaintiff for the injuries. damages and losses he suffered;

b. Costs of suit and reasonable attorneys fees pursuant to 42 L.S.C. § 1988 and interest, both pre-judgement and post-judgment; and

c. All such other relief to which Plaintiff is entitled and1or this Court deems equitable.

## COUNT IV - ASSAULT AND BATTERY

58. Plaintiff realleges lines 1-57 as if fully rewritten herein.

59. On March 13, 2023, Defendant Garcia and John Doe(s) Defendant(s), threatened Plaintiff with bodily harm, which caused Plaintiff to be in fear of imminent peril.

60. Defendant Garcia and John Doe(s) Defendant(s), had the apparent ability to carry out the threats of bodily harm and, in fact did, intentionally and without permission or privilege physically injure Plaintiff.

61. Defendant Garcia and John Doe(s) Defendant(s), assaulted and battered Plaintiff with malicious purpose and/or in a willful, reckless or wanton manner and therefore are not entitled to state-law immunity.

62. As a direct and proximate result of being assaulted and battered by Defendant Garcia and John Doe(s) Defendant(s), Plaintiff endured and suffered extreme physical, mental and emotional pain and suffering.

63. At all times relevant, Defendant Garcia was acting within the scope or his employment and policing duties as law enforcement officers employed by the City of

9

Garfield Heights and Defendant SEALE. Accordingly, pursuant to Ohio Revised Code §2744.07. Defendant City of Garfield Heights and Defendant SEALE must indemnify Defendant Garcia for his conduct alleged herein in this Claim for Relief.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Garcia and/or John Doe(s) Defendants for:

a. Compensatory damages, including medical bills, in an amount that will fully and fairly compensate Plaintiff for his injuries. damages and losses suffered:

b. Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions of Defendant Garcia alleged herein:

c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and interest, both pre-judgment and post-judgment: and

d. All such other relief to which Plaintiff is entitled and/or this Court deems equitable.

## COUNT V-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT GARCIA

64. Plaintiff realleges lines 1-63 as if fully rewritten herein.

65. At the aforementioned time and place. Defendant Garcia and/or John Doe(s) Defendant(s) either intended to cause emotional distress or knew or should have known that their actions would result in severe emotional distress to Plaintiff.

66. Defendant Garcia and/or John Doe(s) Defendant(s) conduct was so extreme and outrageous as to go beyond all possible bounds of decency and be utterly intolerable in a civilized society.

67. As a direct and proximate result of the extreme and outrageous conduct as alleged herein. Plaintiff endured and suffered psychic injury: and the mental anguish suffered by Plaintiff was serious and of a nature that no reasonable person could be expected to endure.

68. At all times relevant, Defendant Garcia and/or John Doe(s) Defendant(s) were acting under color of law and within the scope of their employment and their official duties as law enforcement officers employed by the City of Garfield Heights and SEALE. Accordingly. pursuant to Ohio Revised Code 2744.07, Defendant City of

10

Garfield Heights and Defendant SEALE must indemnity Defendant Garcia and/or John Doe(s) Defendant(s) for their conduct alleged herein in this Claim for Relief.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Garcia and/or John Doe(s) Defendants for:

a. Compensatory damages, including medical bills, in an amount that will fully and fairly compensate Plaintiff for his injuries. damages and losses suffered:

b. Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions of Defendant Garcia and/or John Doe(s) alleged herein:

c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and interest, both pre-judgment and post-judgment: and

d. All such other relief to which Plaintiff is entitled and/or this Court deems equitable.

## COUNT VI- FALSE ARREST AND CHARGES AGAINST DEFENDANT GARCIA AND/OR JOHN DOE(S) DEFENDANT(S) UNDER OHIO LAW

69. Plaintiff realleges lines 1-68 as if fully rewritten herein.

70. Defendant Garcia and John Doe(s) Defendants detained and arrested Plaintiff based on the false accusations that Plaintiff had resisted arrest.

71. Said detention, arrest and charges were unlawful and without justification, as Defendants knew Plaintiff had not resisted arrest.

72 As a consequence of Defendants' misconduct alleged herein. Plaintiff was criminally charged and indicted and spent a period of time in jail for the pending case.

73. Plaintiff has incurred. and will continue to incur fees and costs associated with his legal defense in the criminal case these Defendants caused to be initiated and allowed to persist.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Garcia and/or John Doe(s) Defendants for:

a. Compensatory damages, including medical bills, in an amount that will fully and fairly compensate Plaintiff for his injuries. damages and losses suffered:

11

b. Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions of Defendant Garcia and/or John Doe(s) alleged herein:

c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and interest, both pre-judgment and post-judgment: and

d. All such other relief to which Plaintiff is entitled and/or this Court deems equitable.

Respectfully submitted,

*/s/ Ricardo J. Cardenas*

RICARDO J. CARDENAS (0067265)
rcardenas@crk-law.com
CRK Law , LLC
4770 Beidler Road, Front
Willoughby, Ohio 44094-8491
Direct: (440) 499-4540
P: (440) 944-1966
F: (440) 745-0800

**ATTORNEYS FOR PLAINTIFF ANTHONY HRIBAR**

## JURY DEMAND

Plaintiff demands a trial by jury upon all issues in the above-captioned matter.

*/s/ Ricardo J. Cardenas*
Ricardo J. Cardenas (0067265)