**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY HRIBAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-00733-CAB |
| | ) | |
| CITY OF GARFIELD HEIGHTS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CITY OF GARFIELD HEIGHTS, SOUTHEAST AREA LAW ENFORCEMENT, AND PTL. ERIC GARCIA IN RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, the City of Garfield Heights, Ohio ("Garfield Heights") and Ptl. Eric Garcia ("Ptl. Garcia") (collectively, the "Garfield Heights Defendants"), and Defendant Southeast Area Law Enforcement ("S.E.A.L.E."), by and though undersigned counsel, hereby submit their Answer and Affirmative Defenses to the First Amended Complaint of Plaintiff Anthony Hribar ("Hribar," or the "Plaintiff"). Defendants deny each and every statement, allegation, and averment contained in Plaintiff's Amended Complaint except and to the extent specifically admitted or qualified below.

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

1.      Paragraph 1 of Plaintiff's Amended Complaint does not contain any allegation of fact to which an admission or denial is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1 of Plaintiff's Amended Complaint.

2.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of Plaintiff's Amended Complaint and therefore deny the same.

3.     Defendants admit the allegations in Paragraph 3 of Plaintiff's Amended Complaint.

4.     In response to the allegations in Paragraph 4 of Plaintiff's Amended Complaint, Defendants admit only that Garfield Heights is a "person" under 42 U.S.C. § 1983. Defendants deny that Plaintiff has stated any viable claim for relief against Garfield Heights (or any other Defendant) under 42 U.S.C. § 1983 or other applicable law. Defendants deny any and all remaining allegations in Paragraph 4 of Plaintiff's Amended Complaint.

5.     In response to the allegations in Paragraph 5 of Plaintiff's Amended Complaint, Defendants admit only that Garfield Heights administers the Garfield Heights Police Department. Defendants deny any and all remaining allegations in Paragraph 5 of Plaintiff's Amended Complaint.

6.     In response to the allegations in Paragraph 6 of Plaintiff's Amended Complaint, Defendants admit only that S.E.A.L.E. was established through an Agreement for Establishment of Regional Council of Governments, authorized under Chapter 167 of the Ohio Revised Code, by and between the City of Bedford, the City of Maple Heights, the City of Bedford Heights, the Village of Oakwood, the City of Garfield Heights, the Village of Walton Hills, and the City of Solon. Further answering, Defendants state that the purpose of S.E.A.L.E. is to pool resources and personnel into a specialized, flexible unit that is available to assist member departments in the containment, de-escalation and control of situations beyond the capabilities of a traditional on-duty police officer. Defendants specifically deny that S.E.A.L.E. was involved in Plaintiff's March 13, 2023 arrest, which was executed by the Garfield Heights Police Department only. Defendants deny any and all remaining allegations in Paragraph 6 of Plaintiff's Amended Complaint.

7.     In response to the allegations in Paragraph 7 of Plaintiff's Amended Complaint, Defendants admit only that Ptl. Garcia is employed by the Garfield Heights Police Department. Further answering, Defendants admit that Ptl. Garcia is a member of the S.E.A.L.E. SWAT team. Defendants specifically deny that S.E.A.L.E. was involved in Plaintiff's March 13, 2023 arrest, which was executed by the Garfield Heights Police Department only. Defendants deny any and all remaining allegations in Paragraph 7 of Plaintiff's Amended Complaint.

8.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of Plaintiff's Amended Complaint and therefore deny the same.

9.     In response to the allegations in Paragraph 9 of Plaintiff's Amended Complaint, Defendants admit only that Officers Ronald Dodge ("Ptl. Dodge"), Vinson Walker ("Ptl. Walker"), and Darryn Zupancic ("Ptl. Zupancic") are employees of the Garfield Heights Police Department, that the aforementioned officers are members of the S.E.A.L.E. SWAT team, and that the aforementioned officers were present at Plaintiff's arrest on or about March 13, 2023. Defendants specifically deny that S.E.A.L.E. was involved in Plaintiff's arrest, which was executed by the Garfield Heights Police Department only. Defendants deny any and all remaining allegations in Paragraph 9 of Plaintiff's Amended Complaint.

10.     In response to the allegations in Paragraph 10 of Plaintiff's Amended Complaint, the Garfield Heights Defendants admit only that Hribar was lawfully arrested at 5105 E. 114th Street in Garfield Heights on or about March 13, 2023. The Garfield Heights Defendants specifically deny that the property located at 5105 E. 114th Street is Hribar's "residence." The Garfield Heights Defendants deny any and all remaining allegations in Paragraph 10 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a

3

belief about the truth of the allegations in Paragraph 10 of Plaintiff's Amended Complaint and therefore denies the same.

11.     In response to the allegations in Paragraph 11 of Plaintiff's Amended Complaint, the Garfield Heights Defendants admit only that Plaintiff had an active arrest warrant under Cuyahoga County case no. CR-21-663314-A on March 13, 2023. The Garfield Heights Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11 of Plaintiff's Amended Complaint and therefore deny the same. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of Plaintiff's Amended Complaint and therefore denies the same.

12.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of Plaintiff's Amended Complaint and therefore deny the same.

13.     In response to the allegations in Paragraph 13 of Plaintiff's Amended Complaint, the Garfield Heights Defendants admit only that on or about March 13, 2023, one Amie Germann ("Ms. Germann") reported to the Garfield Heights Police Department that, among other things, Plaintiff came into her house uninvited on or about March 10, 2023, that Plaintiff had assaulted her numerous times, that Plaintiff had been using crack, that Plaintiff had an active felony warrant, that Plaintiff had cut off his ankle monitor, that Plaintiff had a handgun and a knife on his person, and that Plaintiff had barricaded himself inside Ms. Germann's home. Further answering, Defendants state that Ms. Germann requested that the Garfield Heights Police Department remove Plaintiff from her home and consented to Garfield Heights Police Department officers entering her home to effectuate Plaintiff's removal. The Garfield Heights Defendants deny any and all remaining allegations in Paragraph 13 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth

of the allegations in Paragraph 13 of Plaintiff's Amended Complaint and therefore denies the same.

14. In response to the allegations in Paragraph 14 of Plaintiff's Amended Complaint, the Garfield Heights Defendants admit only that Ptl. Garcia, Ptl. Dodge, Ptl. Walker, and Ptl. Zupancic were transported to Ms. Germann's residence at 5105 E. 114th Street in Garfield Heights on or about March 13, 2023 as a SWAT unit to dislodge Plaintiff from Ms. Germann's residence. Further answering, the Garfield Heights Defendants admit that Ptl. Garcia, Ptl. Dodge, Ptl. Walker, and Ptl. Zupancic were not wearing body worn cameras as part of the standard operating procedure for SWAT team members. The Garfield Heights Defendants deny any and all remaining allegations in Paragraph 14 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of Plaintiff's Amended Complaint and therefore denies the same.

15. The Garfield Heights Defendants deny the allegations in Paragraph 15 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of Plaintiff's Amended Complaint and therefore denies the same.

16. The Garfield Heights Defendants deny the allegations in Paragraph 16 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of Plaintiff's Amended Complaint and therefore denies the same.

17. The Garfield Heights Defendants deny the allegations in Paragraph 17 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of Plaintiff's Amended Complaint and therefore denies the same.

18.     In response to the allegations in Paragraph 18 of Plaintiff's Amended Complaint, the Garfield Heights Defendants admit only that Ptl. Garcia, Ptl. Dodge, Ptl. Walker, and Ptl. Zupancic entered the residence at 5105 E. 114th Street in Garfield Heights with Ms. Germann's consent. The Garfield Heights Defendants deny any and all remaining allegations in Paragraph 18 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of Plaintiff's Amended Complaint and therefore denies the same.

19.     The Garfield Heights Defendants deny the allegations in Paragraph 19 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of Plaintiff's Amended Complaint and therefore denies the same.

20.     In response to the allegations in Paragraph 20 of Plaintiff's Amended Complaint, the Garfield Heights Defendants admit only that Ptl. Garcia executed a balance displacement maneuver on Plaintiff after Plaintiff refused commands to place his hands behind his back and resisted arrest, and that Plaintiff struck a piece of furniture while falling to the ground. The Garfield Heights Defendants deny any and all remaining allegations in Paragraph 20 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of Plaintiff's Amended Complaint and therefore denies the same.

21.     In response to the allegations in Paragraph 21 of Plaintiff's Amended Complaint, the Garfield Heights Defendants admit only that Plaintiff was taken to Marymount Hospital following his arrest. The Garfield Heights Defendants deny any and all remaining allegations in Paragraph 21 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information

6

sufficient to form a belief about the truth of the allegations in Paragraph 21 of Plaintiff's Amended Complaint and therefore denies the same.

22.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of Plaintiff's Amended Complaint and therefore deny the same.

23.     In response to the allegations in Paragraph 23 of Plaintiff's Amended Complaint, the Garfield Heights Defendants admit only that no weapon was found on Plaintiff's person during his arrest. Further answering, the Garfield Heights Defendants state that Ms. Germann contacted the Garfield Heights Police Department following Plaintiff's arrest and asked the police to remove weapons and drug paraphernalia that Plaintiff had hidden throughout her home. The Garfield Heights Defendants deny any and all remaining allegations in Paragraph 23 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of Plaintiff's Amended Complaint and therefore denies the same.

24.     In response to the allegations in Paragraph 24 of Plaintiff's Amended Complaint, the Garfield Heights Defendants admit only that Plaintiff was charged with resisting arrest in Garfield Heights Municipal Court case no. CRB 2300408. Further answering, the Garfield Heights Defendants state that Plaintiff failed to appear for the bench trial scheduled in that matter on August 15, 2023, and that a warrant was issued for Plaintiff's arrest. The Garfield Heights Defendants deny any and all remaining allegations in Paragraph 24 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of Plaintiff's Amended Complaint and therefore denies the same.

25.    The Garfield Heights Defendants deny the allegations in Paragraph 25 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of Plaintiff's Amended Complaint and therefore denies the same.

26.    The Garfield Heights Defendants deny the allegations in Paragraph 26 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of Plaintiff's Amended Complaint and therefore denies the same.

27.    The Garfield Heights Defendants deny the allegations in Paragraph 27 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of Plaintiff's Amended Complaint and therefore denies the same.

28.    The Garfield Heights Defendants deny the allegations in Paragraph 28 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of Plaintiff's Amended Complaint and therefore denies the same.

29.    The Garfield Heights Defendants deny the allegations in Paragraph 29 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of Plaintiff's Amended Complaint and therefore denies the same.

30.    In response to the allegations in Paragraph 30 of Plaintiff's Amended Complaint, the Garfield Heights Defendants admit only that Plaintiff was charged with resisting arrest in Garfield Heights Municipal Court case no. CRB 2300408. Further answering, the Garfield Heights Defendants state that Plaintiff failed to appear for the bench trial scheduled in that matter

on August 15, 2023, and that a warrant was issued for Plaintiff's arrest. The Garfield Heights Defendants deny any and all remaining allegations in Paragraph 30 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of Plaintiff's Amended Complaint and therefore denies the same.

31. Paragraph 31 of Plaintiff's Amended Complaint does not contain any allegation of fact to which an admission or denial is required. To the extent a response is required, Defendants deny the allegations in Paragraph 31 of Plaintiff's Amended Complaint.

32. Paragraph 32 of Plaintiff's Amended Complaint does not contain any allegation of fact to which an admission or denial is required. To the extent a response is required, Defendants deny the allegations in Paragraph 32 of Plaintiff's Amended Complaint.

33. Paragraph 33 of Plaintiff's Amended Complaint does not contain any allegation of fact to which an admission or denial is required. To the extent a response is required, Defendants deny the allegations in Paragraph 33 of Plaintiff's Amended Complaint.

34. Paragraph 34 of Plaintiff's Amended Complaint does not contain any allegation of fact to which an admission or denial is required. To the extent a response is required, Defendants deny the allegations in Paragraph 34 of Plaintiff's Amended Complaint.

## **JURISDICTION**

35. Defendants incorporate their responses to the preceding allegations in Plaintiff's Amended Complaint as if fully re-stated herein.

36. In response to the allegations in Paragraph 36 of Plaintiff's Amended Complaint, the Garfield Heights Defendants admit only that Plaintiff was lawfully arrested on March 13, 2023. The Garfield Heights Defendants deny any and all remaining allegations in Paragraph 36 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form

a belief about the truth of the allegations in Paragraph 36 of Plaintiff's Amended Complaint and therefore denies the same.

37.     In response to the allegations in Paragraph 37 of Plaintiff's Amended Complaint, Defendants admit that venue is proper in this Court, but deny that they committed any violation of law in this Court's venue or elsewhere.

38.     Paragraph 38 of Plaintiff's Amended Complaint does not contain any allegation of fact to which an admission or denial is required. To the extent a response is required, Defendants deny the allegations in Paragraph 38 of Plaintiff's Amended Complaint.

39.     In response to the allegations in Paragraph 39 of Plaintiff's Amended Complaint, Defendants admit to the jurisdiction of this Court, but specifically deny that Plaintiff has stated a cognizable claim for relief within this Court's jurisdiction. Defendants deny any and all remaining allegations in Paragraph 39 of Plaintiff's Amended Complaint.

**PLAINTIFF'S FIRST CLAIM FOR RELIEF**
**Styled, "Excessive Force and Failure to Intervene"**

40.     Defendants incorporate their responses to the preceding allegations in Plaintiff's Amended Complaint as if fully re-stated herein.

41.     The Garfield Heights Defendants deny the allegations in Paragraph 41 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of Plaintiff's Amended Complaint and therefore denies the same.

42.     The Garfield Heights Defendants deny the allegations in Paragraph 42 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of Plaintiff's Amended Complaint and therefore denies the same.

43.     The Garfield Heights Defendants deny the allegations in Paragraph 43 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of Plaintiff's Amended Complaint and therefore denies the same.

44.     The Garfield Heights Defendants deny the allegations in Paragraph 44 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of Plaintiff's Amended Complaint and therefore denies the same.

45.     The Garfield Heights Defendants deny the allegations in Paragraph 45 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of Plaintiff's Amended Complaint and therefore denies the same.

46.     In response to the allegations in Paragraph 46 of Plaintiff's Amended Complaint, the Garfield Heights Defendants admit only that Ptl. Garcia acted within the scope and course of his employment with the Garfield Heights Police Department at the time of Plaintiff's arrest on March 13, 2023. The Garfield Heights Defendants deny any and all remaining allegations in Paragraph 46 of Plaintiff's Amended Complaint and controvert the prayer for relief immediately following Paragraph 46 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of Plaintiff's Amended Complaint and therefore denies the same. S.E.A.L.E. likewise controverts the prayer for relief immediately following Paragraph 46 of Plaintiff's Amended Complaint.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF
### Styled, "False Arrest and Charges"

47.    Defendants incorporate their responses to the preceding allegations in Plaintiff's Amended Complaint as if fully re-stated herein.

48.    In response to the allegations in Paragraph 48 of Plaintiff's Amended Complaint, the Garfield Heights Defendants admit only that Plaintiff was lawfully arrested on March 13, 2023, and that Plaintiff was subsequently charged with resisting arrest in Garfield Heights Municipal Court case no. CRB 2300408. Further answering, the Garfield Heights Defendants state that probable cause existed to arrest Plaintiff irrespective of the resisting arrest charge, insofar as Plaintiff also had an outstanding warrant for his arrest in Cuyahoga County case no. CR-21-663314-A on March 13, 2023. The Garfield Heights Defendants deny any and all remaining allegations in Paragraph 48 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of Plaintiff's Amended Complaint and therefore denies the same.

49.    The Garfield Heights Defendants deny the allegations in Paragraph 49 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of Plaintiff's Amended Complaint and therefore denies the same.

50.    In response to the allegations in Paragraph 50 of Plaintiff's Amended Complaint, the Garfield Heights Defendants admit only that Plaintiff was charged with resisting arrest in Garfield Heights Municipal Court case no. CRB 2300408. The Garfield Heights Defendants deny any and all remaining allegations in Paragraph 50 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of Plaintiff's Amended Complaint and therefore denies the same.

51.     The Garfield Heights Defendants deny the allegations in Paragraph 51 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of Plaintiff's Amended Complaint and therefore denies the same. Defendants controvert the prayer for relief immediately following Paragraph 51 of Plaintiff's Amended Complaint.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF
**Styled, "Failure to Train and Supervise and for Unconstitutional Customs, Policies, and Practices Causing Constitutional Violations**

52.     Defendants incorporate their responses to the preceding allegations in Plaintiff's Amended Complaint as if fully re-stated herein.

53.     Defendants deny the allegations in Paragraph 53 of Plaintiff's Amended Complaint.

54.     Defendants deny the allegations in Paragraph 54 of Plaintiff's Amended Complaint.

55.     Defendants deny the allegations in Paragraph 55 of Plaintiff's Amended Complaint.

56.     Defendants deny the allegations in Paragraph 56 of Plaintiff's Amended Complaint.

57.     Defendants deny the allegations in Paragraph 57 of Plaintiff's Amended Complaint.

58.     Defendants deny the allegations in Paragraph 58 of Plaintiff's Amended Complaint.

59.     Defendants deny the allegations in Paragraph 59 of Plaintiff's Amended Complaint.

60.    Defendants deny the allegations in Paragraph 60 of Plaintiff's Amended Complaint.

61.    In response to the allegations in Paragraph 61 of Plaintiff's Amended Complaint, Defendants state that the dockets in the cases referenced in Paragraph 61 speak for themselves. Defendants deny Plaintiff's characterization of those civil actions, including any characterization of those civil actions as being meritorious in any respect. Defendants deny that the civil actions referenced in Paragraph 61 of Plaintiff's Amended Complaint had any merit, or that the claims made in those actions are similar to the claims alleged by Plaintiff. Further answering, none of the civil actions referenced in Paragraph 61 of Plaintiff's Amended Complaint involved S.E.A.L.E. Defendants deny any and all remaining allegations in Paragraph 61 of Plaintiff's Amended Complaint.

62.    Defendants deny the allegations in Paragraph 62 of Plaintiff's Amended Complaint.

63.    In response to the allegations in Paragraph 63 of Plaintiff's Amended Complaint, Defendant City of Garfield Heights states that the referenced settlement speaks for itself. Defendant City of Garfield Heights denies any and all liability in connection with the referenced settlement. The remaining Defendants to this action lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of Plaintiff's Amended Complaint, and therefore deny those allegations. Defendants deny any and all remaining allegations in Paragraph 63 of Plaintiff's Amended Complaint.

64.    Defendants deny the allegations in Paragraph 64 of Plaintiff's Amended Complaint.

65.     Defendants deny the allegations in Paragraph 65 of Plaintiff's Amended Complaint, and controvert the prayer for relief immediately following Paragraph 65 of Plaintiff's Amended Complaint.

### PLAINTIFF'S FOURTH CLAIM FOR RELIEF
#### Styled, "Assault and Battery"

66.     Defendants incorporate their responses to the preceding allegations in Plaintiff's Amended Complaint as if fully re-stated herein.

67.     The Garfield Heights Defendants deny the allegations in Paragraph 67 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 of Plaintiff's Amended Complaint and therefore denies the same.

68.     The Garfield Heights Defendants deny the allegations in Paragraph 68 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of Plaintiff's Amended Complaint and therefore denies the same.

69.     The Garfield Heights Defendants deny the allegations in Paragraph 69 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 of Plaintiff's Amended Complaint and therefore denies the same.

70.     The Garfield Heights Defendants deny the allegations in Paragraph 70 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 of Plaintiff's Amended Complaint and therefore denies the same.

71.     In response to the allegations in Paragraph 71 of Plaintiff's Amended Complaint, the Garfield Heights Defendants admit only that Ptl. Garcia acted within the scope and course of his employment with the Garfield Heights Police Department at the time of Plaintiff's arrest on March 13, 2023. The Garfield Heights Defendants deny any and all remaining allegations in Paragraph 71 of Plaintiff's Amended Complaint and controvert the prayer for relief immediately following Paragraph 71 of Plaintiff's Amended Complaint. S.E.A.L.E. denies that Ptl. Garcia was acting "within the scope of his employment and policing duties as [a] law enforcement officer[] employed by […] SEALE." Further answering, S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 71 of Plaintiff's Amended Complaint and therefore denies the same. S.E.A.L.E. likewise controverts the prayer for relief immediately following Paragraph 71 of Plaintiff's Amended Complaint.

**PLAINTIFF'S FIFTH CLAIM FOR RELIEF**
**Styled, "Intentional Infliction of Emotional Distress Against Defendant Garcia"**

72.     Defendants incorporate their responses to the preceding allegations in Plaintiff's Amended Complaint as if fully re-stated herein.

73.     The Garfield Heights Defendants deny the allegations in Paragraph 73 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 of Plaintiff's Amended Complaint and therefore denies the same.

74.     The Garfield Heights Defendants deny the allegations in Paragraph 74 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of Plaintiff's Amended Complaint and therefore denies the same.

75.     The Garfield Heights Defendants deny the allegations in Paragraph 75 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of Plaintiff's Amended Complaint and therefore denies the same.

76.     In response to the allegations in Paragraph 76 of Plaintiff's Amended Complaint, the Garfield Heights Defendants admit only that Ptl. Garcia acted within the scope and course of his employment with the Garfield Heights Police Department at the time of Plaintiff's arrest on March 13, 2023. The Garfield Heights Defendants deny any and all remaining allegations in Paragraph 76 of Plaintiff's Amended Complaint and controvert the prayer for relief immediately following Paragraph 76 of Plaintiff's Amended Complaint. S.E.A.L.E. denies that Ptl. Garcia was acting "within the scope of [his] employment and [his] official duties as [a] law enforcement officer[] employed by […] SEALE." Further answering, S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 76 of Plaintiff's Amended Complaint and therefore denies the same. S.E.A.L.E. likewise controverts the prayer for relief immediately following Paragraph 76 of Plaintiff's Amended Complaint.

## PLAINTIFF'S SIXTH CLAIM FOR RELIEF
### Styled, "False Arrest and Charges Against Defendant Garcia and/or John Doe(s) Defendant(s) Under Ohio Law"

77.     Defendants incorporate their responses to the preceding allegations in Plaintiff's Amended Complaint as if fully re-stated herein.

78.     In response to the allegations in Paragraph 78 of Plaintiff's Amended Complaint, the Garfield Heights Defendants admit only that Plaintiff was lawfully arrested on March 13, 2023. The Garfield Heights Defendants deny any and all remaining allegations in Paragraph 70 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form

17

a belief about the truth of the allegations in Paragraph 78 of Plaintiff's Amended Complaint and therefore denies the same.

79.     The Garfield Heights Defendants deny the allegations in Paragraph 79 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of Plaintiff's Amended Complaint and therefore denies the same.

80.     The Garfield Heights Defendants deny the allegations in Paragraph 80 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 of Plaintiff's Amended Complaint and therefore denies the same.

81.     The Garfield Heights Defendants deny the allegations in Paragraph 81 of Plaintiff's Amended Complaint. S.E.A.L.E. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 of Plaintiff's Amended Complaint and therefore denies the same. Defendants controvert the prayer for relief immediately following Paragraph 81 of Plaintiff's Amended Complaint.

## **AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

For their affirmative defenses to the allegations in Plaintiff's Amended Complaint, Defendants state as follows:

1.     Plaintiff's claims are barred by Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

2.     Some or all of Plaintiff's claims are barred for failure to mitigate damages, if any.

3.     To the extent Plaintiff has sustained any damages, those damages were solely and proximately caused by Plaintiff's own acts or omissions or those of persons or entities for whom Defendants have no legal responsibility.

4.      Some or all of Plaintiff's claims are barred by unclean hands.

5.      Some or all of Plaintiff's claims are barred because Plaintiff resisted his lawful arrest on March 13, 2023.

6.      Some or all of Plaintiff's claims are barred by consent.

7.      Some or all of Plaintiff's claims are barred by self-defense.

8.      Some or all of Plaintiff's claims are barred by defense of others.

9.      Some or all of Plaintiff's claims are barred by estoppel.

10.     Some or all of Plaintiff's claims are barred by assumption of risk.

11.     Some or all of Plaintiff's claims are barred by privilege.

12.     Some or all of Plaintiff's claims are barred because at the time of his arrest on March 13, 2023, Plaintiff had an outstanding warrant for his arrest in Cuyahoga County case no. CR-21-663314-A.

13.     Some or all of Plaintiff's claims are barred by the presence of probable cause supporting Plaintiff's arrest on March 13, 2023 and the use of force attendant thereto.

14.     Some or all of Plaintiff's claims are barred because the criminal charges against Plaintiff in Garfield Heights Municipal Court case no. CRB 2300408 have not been definitively resolved in Plaintiff's favor.

15.     Some or all of Plaintiff's claims are barred by the doctrine of qualified immunity.

16.     Some or all of Plaintiff's claims are barred by the immunity afforded to political subdivisions of the State of Ohio and their employees under R.C. Chapter 2744.

17.     S.E.A.L.E. is not a proper defendant to this action insofar as S.E.A.L.E. had no involvement in Plaintiff's March 13, 2023 arrest.

18.     S.E.A.L.E. is not a "person" amenable to suit under 42 U.S.C. § 1983.

19.     The City of Garfield Heights and S.E.A.L.E. are not proper defendants to Plaintiff's claims under 42 U.S.C. § 1983 because Plaintiff has failed to plead and cannot prove the existence of any official municipal directive, policy, practice, or custom of Garfield Heights and/or S.E.A.L.E. that caused any alleged constitutional tort or injury.

20.     At all times, Defendants' conduct (including any use of force) was reasonable in light of the circumstances and the facts known to Defendants.

21.     Defendants reserve the right to raise additional affirmative defenses as the same may become known during the course of discovery of the within action.

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, Defendants controvert Plaintiff's prayer for relief and respectfully request that this Honorable Court:

1.     Dismiss Plaintiff's Amended Complaint with prejudice on all counts;

2.     Order an award of court costs, reasonable attorneys' fees, and other reasonable expenses incurred in connection with the defense of this action to Defendants; and

3.     Order any further relief that this Court deems just and proper.


Dated: November 7, 2025                     Respectfully submitted,

                                            */s/ Daniel J. Rudary*
                                            Daniel J. Rudary (0090482)
                                            Susan A. Jacobsen (0100620)
                                            **BRENNAN, MANNA & DIAMOND, LLC**
                                            75 E. Market Street
                                            Akron, OH  44308
                                            Telephone:     (330) 253-5060
                                            Facsimile:     (330) 253-1977
                                            Email:         djrudary@bmdllc.com
                                                           sajacobsen@bmdllc.com

                                            *Counsel for Defendants City of Garfield Heights, Ohio, Southeast Area Law Enforcement, and Patrolman Eric Garcia*

20

Milko Cecez (0084989)
Law Director
City of Garfield Heights
5407 Turney Road
Garfield Heights, OH 44125
Telephone:　　(216) 475.0824
Email:　　　　mcecez@garfieldhts.org

*Counsel for Defendant City of Garfield Heights,*
*Ohio and Patrolman Eric Garcia*

Frank Consolo (0042455)
**CONSOLO LAW FIRM CO., LPA**
700 W. Saint Clair Avenue – Suite 220
Cleveland, OH 44113
Telephone:　　(216) 696-5400
Facsimile:　　(216) 696-2610
Email:　　　　fconsolo@consololaw.com

*Counsel for Defendant Southeast Area Law*
*Enforcement*

21

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of November, 2025 a copy of the foregoing was filed electronically.   Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.

/s/ *Daniel J. Rudary*
*Counsel for Defendants City of Garfield Heights, Ohio, Southeast Area Law Enforcement, and Patrolman Eric Garcia*

4910-8011-3271, v. 1